UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami-Dade Division

DR. JAMES ERIC MCDONOUGH,
    Plaintiff,

vs.                                          Case No.:15-20038

KATHERINE FERNANDEZ-RUNDLE, in her official
capacity as State Attorney, Eleventh Judicial Circuit, State of Florida,

    Defendant.

_____/

**COMPLAINT**

INTRODUCTION

1.    This action challenges the constitutionality of Florida Statute §934.03, which prohibits and criminalizes the recording of conversations under certain circumstances, as being overly broad and vague both facially and as applied to Dr. McDonough.

2.    The Plaintiff has been threatened with prosecution by the Defendant and her assistants for recording conversations with members of the Homestead Police Department.

3.    The Plaintiff had a meeting with Chief Alexander Rolle and Detective Antonio Aquino, at Homestead Police Department (HPD) on February 7, 2014.  He was there to file a complaint concerning Homestead Officer Alejandro Murguido, who had initiated an arrest of the Plaintiff without probable cause and Detective Aquino, who the Plaintiff believed had advised Officer Murguido to initiate an injunction and criminal complaint against the Plaintiff.

4.    Plaintiff recorded this meeting, anticipating the gathering of newsworthy evidence and ensuring that an objective record of the proceedings would be available.  The Plaintiff was

later threatened with possible arrest and prosecution, under §934.03 after segments of the recording were published.  Having received a letter from the Miami-Dade State Attorney threatening him with prosecution, the Plaintiff reasonably fears arrest and prosecution should he again record conversations with Homestead, or any other, police officers.  The statute therefore chills the Plaintiff's exercise of his rights under the First Amendment.

## JURISDICTION

5. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for violation of his rights under the First and Fourteenth Amendments to the United States Constitution.

6. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a) (3).  Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202, and injunctive relief pursuant to Fed.R.Civ.P. 65.

## PARTIES

7. Plaintiff Dr. James Eric McDonough is a resident of Miami-Dade County, Florida.

8. Defendant Katherine Fernandez-Rundle is the State Attorney for the Eleventh Judicial Circuit, State of Florida.  Defendant Fernandez-Rundle's office is responsible for threatening Plaintiff with possible arrest and/or prosecution for his alleged violation of §934.03.  Defendant Fernandez-Rundle is sued in her official capacity only for injunctive and declaratory relief.

## FACTS

9. On February 7, 2014, the Plaintiff had a meeting with Chief Rolle and Detective Aquino of the Homestead Police Department.  The Plaintiff was at the Homestead Police

Department to formally complain about the actions of Officer Murguido and Detective Aquino towards the Plaintiff.

10. Plaintiff recorded this conversation in order to have a record of the meeting and later published the contents of this meeting.

11. After the contents were published, a complaint was filed with the Defendant, alleging that the Plaintiff had unlawfully recorded the conversation on that date.

12. In response to this complaint the Defendant, through Assistant State Attorney Jacci Seskin, sent the Plaintiff a cease and desist letter dated December 9, 2014, threatening possible arrest and/or prosecution, particularly for future violations pursuant to §934.03.[1] The statute states in part:

> 934.03   Interception and disclosure of wire, oral, or electronic communications prohibited.—
>
> 1) Except as otherwise specifically provided in this chapter, any person who:
> (a)   Intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept any wire, oral, or electronic communication;
> (c)   Intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection;
> shall be punished as provided in subsection (4).
> (4)(a)   Except as provided in paragraph (b), whoever violates subsection (1) is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, s. 775.084, or s. 934.41.

13. Under the interpretation of §934.03 as written in the letter by the Defendant, the Miami-Dade State Attorney would seek the arrest and prosecution of the Plaintiff if he continued to record under the same or similar circumstances as on February 7, 2014.

14. The Plaintiff believes he has a right under the First Amendment to record speech by public officials during the course of their official duties.

15. Plaintiff desires to exercise that right.

---

[1] The letter is attached and filed with the Complaint.

16.     Having been threatened with possible prosecution for recording and publishing information of public interest, the Plaintiff has refrained from exercising that right for fear of prosecution.

17.     Unless the statute is declared unconstitutional by this Court, the Plaintiff will continue to be subject to arrest and prosecution, if he engages in protected speech.  Plaintiff has been and will continue to be irreparably harmed by this threat, which results in the denial of the Plaintiff's constitutional rights.

18.     Plaintiff has no adequate remedy at law because the denial of Plaintiff's constitutional rights cannot be remedied through legal relief.

19.     The threatened arrest and prosecution of Plaintiff, and enforcement of the statute, by Defendants was under color of law and pursuant to Defendant's customs, practices and policies.

## CAUSE OF ACTION

20.     Fla. Stat. §934.03 is unconstitutional on its face and as applied to Plaintiff's actions, in violation of his rights under the First and Fourteenth Amendments to the U.S. Constitution.  This violation may be redressed pursuant to 42 U.S.C. § 1983.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully request this Court:

(a)     Declare that Fla. Stat. §934.03 is unconstitutional on its face as a matter of law;

(b)     Declare that Fla. Stat. §934.03 is unconstitutional as applied to Plaintiff's actions as a matter of law;

(c)     Enter a preliminary and/or permanent injunction against Defendants, prohibiting Defendants and their agents, subordinates and employees from enforcing §934.03;

  (d) Award Plaintiff his cost, litigation expenses and attorneys' fees pursuant to 42 U.S.C. §1988; and

  (e) Grant Plaintiff such other and further relief as may, in the discretion of the Court, be just and proper.

Dated: January 7, 2015

                Respectfully submitted,

                Alan J. Greenstein, P.A.
                Counsel for Plaintiff
                Dadeland Towers
                9200 S. Dadeland Blvd., Suite 308
                Miami, Fl. 33156
                Phone: (305) 772-7083
                Fax. (305) 938-5038
                agreenstein004@hotmail.com

                By:_/s/ Alan Greenstein_
                ALAN GREENSTEIN
                Florida Bar No.:  237817